IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Steven Michael Eddington, #15731-171,** ) | Case No. 2:16-cv-1287-MGL-MGB |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Warden, F.C.I.-Estill** ) | |
| ) | |
| **Respondent.** ) | |
| _____) | |

Steven Michael Eddington ("Petitioner") is a federal prisoner at the Federal Correctional Institution ("F.C.I.-Estill") in Estill, South Carolina. He has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. (DE# 1). He is proceeding *pro se* and has paid the filing fee (see DE# 5, receipt number SCX200013405). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2) (D.S.C.), the assigned Magistrate Judge is authorized to review the petition and submit findings and recommendations to the District Judge. Having carefully reviewed the record, the Magistrate Judge recommends that the petition be **summarily dismissed** without prejudice for the following reasons:

**I. Background**

After separate jury trials, co-defendants Timothy Wayne Eddington, and his son, Steven Eddington, were convicted in federal court of conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371, 2113(a) (2006); carrying an explosive during the commission of a felony, in violation of 18 U.S.C. § 844(h)(2) (2006); possession of unregistered destructive devices, in violation of 26 U.S.C. § 5861(d) (2006); and possession of destructive devices in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A) (2006). Timothy Eddington was also convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006).

Timothy and Steven received sentences of 600 months and 521 months, respectively. See Case Nos. 0:07-cr-01149-CMC-02; 0:07-cr-01149-CMC-01 (D.S.C. Oct. 1, 2013; Oct. 4, 2013). The Fourth Circuit Court of Appeals affirmed the convictions and sentences. *See United States v. Eddington*, 416 F.App'x 258 (4th Cir. March 11, 2011) (per curiam) (unpublished).

On direct appeal, the Fourth Circuit Court of Appeals considered and rejected various issues, including the following three issues jointly raised by both Eddingtons: (1) that possession of the pipe bombs allegedly did not further any conspiracy under 18 U.S.C. § 924(c); (2) that the evidence was allegedly insufficient to support the conspiracy charge; and (3) that the convictions for 18 U.S.C. § 924(c) and 18 U.S.C. § 844(h) allegedly violated double jeopardy because the provisions "are essentially identical." The Fourth Circuit Court of Appeals held that "[a]mple evidence supports Appellants' convictions" and that "[b]ecause we conclude that Congress intended to impose consecutive sentences for these offenses, the convictions and resulting consecutive sentences do not violate double jeopardy." (*Id*. at 2-3).

Subsequently, both men filed separate § 2255 motions. Steven Eddington's § 2255 motion raised issues of ineffective assistance of counsel. The District Court denied the motion. *See United States v. Eddington,* 2012 WL 2046107 (D.S.C. June 05, 2012), *appeal dismissed* (4th Cir. 14-6296) (April 23, 2014).[1] On or about April 22, 2016, Steven Eddington filed the present petition, labeled as a petition brought pursuant to 28 U.S.C. § 2241.

## II. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. §

---

[1] By separate Order, the District Court also denied Timothy Eddington's § 2255 motion. *See United States v. Eddington*, 2012 WL 5398208, *appeal dismissed by* 520 F. App'x 214 (4th Cir. 2013) ("we deny his motion for a certificate of appealability, deny his motion for permission to file a successive § 2255 motion, and dismiss the appeal").

2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *and Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).[2]

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* complaints does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## III. Discussion

Although Petitioner has labeled his present petition as one brought pursuant to § 2241, review of the petition reflects that the Petitioner is attempting to bring an unauthorized successive § 2255 motion. As already discussed, Petitioner has previously brought a § 2255 motion that was

---

[2] The Rules Governing Section 2254 Cases in the United States District Courts may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts states a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

denied on the merits. Petitioner does not indicate, and the record does not reflect, that he has sought permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Petitioner appears to be characterizing his present petition as a § 2241 petition in an effort to circumvent the requirement of obtaining permission to file a successive § 2255 motion.

In his present petition, Steven Eddington indicates that he seeks to challenge "the execution of his sentence." (DE# 1 at 2, ¶ 5). His characterization that he is challenging the "execution of his sentence" is not accurate. Review of the petition reflects that the Petitioner is actually challenging the validity of his conviction, not the "execution of his sentence." He alleges in "Ground One" that the District Court violated his constitutional rights by not "facilitating a forensic psychological and psychiatric evaluation." (DE# 1 at 7, ¶ 13). He concludes that the District Court "failed to properly safeguard the Petitioner's Sixth Amendment right to be informed of the nature and cause of the accusation, rendering his conviction fundamentally unfair and its execution unreliable." (*Id*. at 6). In "Ground Two," Petitioner characterizes the alleged failure to "facilitate[e] a forensic psychological and psychiatric evaluation" as a violation of his due process rights. (*Id*. at 7).[3] In his lengthy memorandum, he asks that "his sentence be vacated and his case remanded for a Competency Hearing" pursuant to state law, S.C. Code Ann. 44-23-410. (DE# 1-1 at 28).

"It is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). In contrast, a petition filed under § 2241 is used to challenge the manner in which a sentence is executed.  *Vial*, 115 F.3d at

---

[3] In his supporting memorandum, Petitioner acknowledges that his counsel requested a competency evaluation. (DE# 1-1 at 16). He urges, in his own words, that "the claim is not that the Petitioner was denied an evaluation, but the objection is that his right to have an expert present a specificity (sic) of facts, and that denial invited potential error and denied him of his due process right to challenge the evidence and cross-examine witnesses." (*Id*.). This argument is plainly not a challenge to the "execution of a sentence."

1194 n.5.  A prisoner cannot challenge his conviction and sentence under § 2241 unless he can satisfy the narrow exception of the § 2255 "savings clause," which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (observing that a prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention' "), *cert. denied*, 135 S.Ct. 990 (2015).

The Fourth Circuit Court of Appeals has explained that "the remedy afforded by the statute authorizing a motion to vacate, set aside or correct the sentence is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing such a motion." *Rice*, 617 F.3d at 807. A petitioner must establish the following criteria to show that a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34; *Vial*, 115 F.3d at 1194 n. 5. Although Petitioner's previous § 2255 motion was denied by the sentencing court, the remedy under § 2255 is not "inadequate or ineffective" merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive motion to vacate. *White v. Rivera*, 518 F.Supp.2d 752, 757 n. 2 (D.S.C.2007), *aff'd* 262 F. App'x 540 (4th Cir. 2008).

The Fourth Circuit Court of Appeals has observed that "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Jones,* 226 F.3d at 333.

With respect to the narrow exception for "actual innocence" under the savings clause, it would apply in situations where the acts for which the defendant was convicted are not a crime. *Jones*, 226 F.3d at 333. The United States Supreme Court has emphasized that "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

Petitioner has not pointed to any new decision holding that the conduct for which he was convicted is "non-criminal." *See e.g., Swanson v. Zych*, Case No. 7:15-cv-398, 2015 WL 5307999, *1 (W.D. Va. Sept. 10, 2015) (dismissing § 2241 petition because the case law relied on by petitioner "had no effect on the criminality of [his] offense conduct"). Petitioner does not point to any United States Supreme Court decision that has been made retroactively applicable to cases on collateral review. Instead, Petitioner contends that "§ 2255 is inadequate or ineffective to challenge conviction as challenge is not one of substantive violation of Constitutional rights but one of a failure to safe guard (sic) the procedural rights of a defendant as perpetrated by the court itself." (DE# 1 at 5, ¶ 10(c)). This allegation is not sufficient to satisfy the narrow exception of the § 2255 savings clause.

In sum, Petitioner does not assert a viable claim under § 2241, and this Court lacks jurisdiction to reach the merits of this petition. "If a federal prisoner brings a § 2241 petition that does not fall within the scope of this savings clause, then the district court must dismiss the unauthorized habeas motion . . . for lack of jurisdiction." *Rice*, 617 F.3d at 807. This Petition should be dismissed. As the present Petition appears to be an attempt to bring a successive § 2255

motion, dismissal of the present petition should be without prejudice to the Petitioner's ability to request permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.

## IV. Certificate of Appealability ("COA")

Rule 11 of the Rules Governing Section 2255 Cases provides "the district court must issue or deny a COA when it enters a final order adverse to the applicant." A COA may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a petitioner's constitutional claims are dismissed on procedural grounds, a COA will not issue unless the petitioner demonstrates both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484).

Petitioner's prior § 2255 motion was dismissed on the merits. The present petition challenges the Petitioner's conviction and sentence, and is an attempt to bring an unauthorized successive § 2255. In light of the record, the undersigned recommends that jurists of reason would not find this procedural ruling debatable. Moreover, Petitioner cannot bring a petition under § 2241 via the savings clause merely because he did not obtain relief under § 2255. "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *Jones*, 226 F.3d at 333. Petitioner has not shown a proper basis to proceed under the savings clause. The undersigned recommends that jurists of reason would not find this procedural ruling debatable. This Petition does not meet the criteria for issuance of a COA.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Petition (DE# 1) be **summarily dismissed** without prejudice and without requiring the respondent to file a return; a certificate of appealability should not be issued.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

April 28, 2016
Charleston, South Carolina

The parties' attention is directed to the **Important Notice** on the next page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).